UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KRYSTLE H.,

                                      Plaintiff,

v.                                                               3:20-cv-855 (TWD)

COMMISSIONER OF SOCIAL SECURITY,

                                      Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LACHMAN, GORTON LAW FIRM<br>  *Counsel for Plaintiff*<br>P.O. Box 89<br>1500 East Main Street<br>Endicott, NY 13761 | PETER A. GORTON, ESQ. |
| SOCIAL SECURITY ADMINISTRATION<br>OFFICE OF THE GENERAL COUNSEL<br>  *Counsel for Defendant*<br>J.F.K. Federal Building, Room 625<br>15 New Sudbury Street<br>Boston, MA 02203 | HUGH DUN RAPPAPORT, ESQ. |

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## DECISION AND ORDER

      Krystle H. ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her requests for disability insurance benefits. (Dkt. No. 1.) This case has proceeded in accordance with General Order 18 of this Court. Pursuant to 28 U.S.C. § 636(c), the parties consented to the disposition of this case by a Magistrate Judge. (Dkt. No. 7.) Both parties filed briefs, which the Court treats as motions under Federal Rule of Civil Procedure Rule 12(c). (Dkt. Nos. 4, 11, 18.) For the reasons set forth below, the Commissioner's decision is affirmed.

**I.**       **BACKGROUND**

Plaintiff was born in 1985, graduated from high school, and earned both a bachelor's degree in management and an associate's degree in liberal arts. (T. at 31-32, 144, 162.[1]) She has experienced seizures all her life, and several medical sources have diagnosed her with a seizure disorder. *Id.* at 75, 391, 634, 806, 817, 825, 830, 832. Plaintiff has managed her seizures to varying degrees of success. *See generally id.* at 79, 288, 290, 294, 298-99, 302, 378, 391, 613, 756-57, 759, 767, 770, 832, 838, 890. In November of 2015, she experienced partial seizures for three days before going to the hospital, where she had a grand mal seizure. *Id.* at 34, 298, 759. Plaintiff has a variety of work experience, and currently works part-time as a typist at a secondary school. *Id.* at 33-34, 163, 180, 282. She does not work during the summer. *Id.* at 34.

On October 16, 2017, Plaintiff filed for disability insurance benefits, claiming an onset date of November 30, 2015. *Id.* at 144, 161. Plaintiff claims the following disabilities: epilepsy, polymicrogyria, migraines, anxiety, depression, sinusitis, hyperlipidemia, and colon and abdominal pain. *Id.* at 161. The Commissioner denied Plaintiff's initial application, and she requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 86, 92. ALJ David Romeo held a hearing on May 22, 2019, and Plaintiff testified along with vocational expert Robert M. Baker. *Id.* at 27-67. The ALJ denied Plaintiff's request for benefits and the Appeals Counsel denied her request for reconsideration. *Id.* at 1, 10-20, 304-307. Plaintiff now seeks this Court's review. (Dkt. No. 1.)

## II.     STANDARD OF REVIEW

---

[1] The Administrative Transcript is found at Dkt. No. 10. Citations to the Administrative Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers the Court's CM/ECF electronic filing system assigns. Page references to other documents identified by docket number are to the page numbers assigned by the Court's CM/ECF electronic filing system.

In reviewing a final decision of the Commissioner, courts must first determine whether the correct legal standards were applied, and if so, whether substantial evidence supports the decision. *Atwater v. Astrue*, 512 F. App'x 67, 69 (2d Cir. 2013) (citing *Tejada v. Apfel*, 167 F.3d 770, 773 (2d Cir. 1999)); *see also Brennan v. Colvin*, No. 13-CV-6338 (AJN) (RLE), 2015 WL 1402204, at *10 (S.D.N.Y. Mar. 25, 2015).[2] "Failure to apply the correct legal standards is grounds for reversal." *Pollard v. Halter*, 377 F.3d 183, 188-89 (2d Cir. 2004). Accordingly, the reviewing court may not affirm the ALJ's decision if it reasonably doubts whether the proper legal standards were applied. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987).

If the ALJ applied the correct legal standards, the reviewing court must determine whether the ALJ's decision is supported by substantial evidence. *Tejada*, 167 F.3d at 773; *Bowen*, 817 F.2d at 985. "Substantial evidence means more than a mere scintilla." *Sczepanski v. Saul*, 946 F.3d 152, 157 (2d Cir. 2020). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the ALJ's finding as to any fact is supported by substantial evidence, it is conclusive. 42 U.S.C. § 405(g); *Diaz v. Shalala*, 59 F.3d 307, 312 (2d Cir. 1995).

When inadequacies in the ALJ's decision frustrate meaningful review of the substantial evidence inquiry, remand may be appropriate. *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019); *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996). Remand may accordingly be appropriate where the ALJ has failed to develop the record, *Klemens v. Berryhill*, 703 F. App'x 35, 38 (2d Cir. 2017); *Rosa v. Callahan*, 168 F.3d 72, 82 (2d Cir. 1999), adequately appraise the weight or

---

[2] "Since the standards for determination of disability and for judicial review in cases under 42 U.S.C. § 423 and 42 U.S.C. § 1382c(a)(3) are identical, decisions under these sections are cited interchangeably." *Donato v. Sec'y of Dep't of Health & Hum. Servs. of U.S.*, 721 F.2d 414, 418 n.3 (2d Cir. 1983). Moreover, "[t]he regulations that govern the two programs are, for today's purposes, equivalent." *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019). Unless otherwise indicated, in quoting cases, all alterations, internal quotation marks, emphases, footnotes, and citations are omitted. *See, e.g.*, *Sczepanski v. Saul*, 946 F.3d 152, 157 n.4 (2d Cir. 2020).

persuasive value of witness testimony, *Estrella*, 925 F.3d at 98; *Burgess v. Astrue*, 537 F.3d 117, 130 (2d Cir. 2008), or explain his reasoning, *Klemens*, 703 F. App'x at 36-38; *Pratts*, 94 F.3d at 39.

## III.   DISCUSSION

The ALJ denied Plaintiff's request for disability insurance benefits at the final step of the five-step sequential evaluation process, concluding she could perform jobs that exist in sufficient numbers in the national economy. (T. at 19-20.) Plaintiff disputes this conclusion on the grounds that the ALJ's residual functional capacity ("RFC") determination is unsupported by substantial evidence. (Dkt. No. 11.) Plaintiff specifically challenges the ALJ's determinations concerning her capacity to maintain concentration, keep schedule, and keep pace. *Id.* In service of that challenge, Plaintiff argues the ALJ erred in evaluating the medical opinions of her neurologist, Dr. Deana Bonno, and state agency medical consultant Dr. L. Serbonich. *See id.* at 11-15, 19-20, 23-25. Plaintiff also argues the ALJ erred in evaluating evidence of her daily activities. *Id.* at 25-26. The Commissioner contends the ALJ committed no legal error and substantial evidence supports his decision. (Dkt. No. 18.)

This Court's analysis centers on the ALJ's alleged legal errors, and whether they improperly influenced his conclusions about Plaintiff's capacity to maintain concentration, keep schedule, and keep pace. The Court concludes the ALJ properly evaluated the medical opinion of Dr. Serbonich, the medical opinion of Dr. Bonno, and evidence of Plaintiff's daily activities. The Court further concludes substantial evidence supports the ALJ's RFC determination.

### A.   **Medical Opinion Evidence**

Plaintiff challenges the ALJ's evaluation of two medical opinions: Dr. Serbonich's opinion from November 15, 2017, and Dr. Bonno's opinion from April 26, 2019. (Dkt. No. 11 at 11-15, 19-20, 23-25.) For disability claims filed on or after March 27, 2017, an ALJ's review of medical opinion evidence and prior administrative medical findings is governed by 20 C.F.R. § 404.1520c. Under this regulation, applicable here, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a); *see also Howard D. v. Saul*, No. 5:19-CV-01615 (BKS), 2021 WL 1152834, at *11 (N.D.N.Y. Mar. 26, 2021). Rather, the ALJ must use five factors to determine the persuasiveness of the medical opinion evidence and prior administrative medical findings: supportability; consistency; relationship with the claimant; specialization; and other factors, such as "a medical source's familiarity with the other evidence in a claim." 20 C.F.R. §§ 404.1520c(a)-(c); *see also Howard*, 2021 WL 1152834, at *11.

The two most important factors in this analysis are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2); *see also Howard*, 2021 WL 1152834, at *11. The ALJ is specifically required to "explain how she considered the supportability and consistency factors" when determining the persuasiveness of "a medical source's medical opinions or prior administrative medical findings." 20 C.F.R. § 404.1520c(b)(2); *see also Howard*, 2021 WL 1152834, at *11. "If the ALJ fails adequately to explain the supportability or consistency factors, or bases her explanation upon a misreading of the record, remand is required." *Rivera v. Comm'r of the Soc. Sec. Admin.*, No. 19-CV-4630 (LJL) (BCM), 2020 WL 8167136, at *14 (S.D.N.Y. Dec. 30, 2020), *report and recommendation adopted*, No. 19-CV-4630 (LJL), 2021 WL 134945

(S.D.N.Y. Jan. 14, 2021); *see also Howard*, 2021 WL 1152834, at *12 (observing "courts have remanded where an ALJ did not adhere to the regulations") (collecting cases).

Under the supportability factor, the more a medical opinion or prior administrative medical finding is reinforced by "relevant . . . objective medical evidence and supporting explanations," the "more persuasive" it will be. 20 C.F.R. § 404.1520c(c)(1); *Carmen M. v. Comm'r of the Soc. Sec. Admin*, No. 20-CV-06532 (MJR), 2021 WL 5410550, at *4 (W.D.N.Y. Nov. 19, 2021) ("The supportability factor asks how well a medical source supported their opinion(s) with objective medical evidence and supporting explanations."). Under the consistency factor, a medical opinion or prior administrative medical finding is "more persuasive" if it is consistent "with the evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. § 404.1520c(c)(2); *Vellone v. Saul*, No. 1:20-CV-261 (RA) (KHP), 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021), *report and recommendation adopted*, 1:20-CV-261 (RA), 2021 WL 2801138 (S.D.N.Y. July 6, 2021) ("Simply put, consistency is an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record.").

"An ALJ must consider, but is not required to discuss, the three remaining factors when determining the persuasiveness of a medical source's opinion." *Howard D.*, No. 2021 WL 1152834, at *11; *see also* 20 C.F.R. §§ 1520c(a), (b)(2). However, where the ALJ has found two or more divergent medical opinions to be equally well supported and consistent with the record, the ALJ must articulate how he or she evaluated the three remaining factors. 20 C.F.R. § 404.1520c(b)(3).

### 1.      Dr. Serbonich's Opinion

Based on Dr. Serbonich's review of the medical evidence,[3] Dr. Serbonich concluded Plaintiff suffered from three severe impairments: epilepsy, migraines, and anxiety and obsessive-compulsive disorders.  (T. at 76.)  Dr. Serbonich accordingly completed a mental RFC.  *Id.* at 80-82.  Dr. Serbonich concluded Plaintiff had limitations in all four categories of mental functioning (i.e., understanding and memory, sustained concentration and persistence, social interaction, and adaptation).  *Id.*; *see generally* 20 C.F.R. § 404.1520a(c)(3).  In the concentration and persistence category of mental functioning, Dr. Serbonich concluded Plaintiff was moderately limited in her ability to: (i) maintain attention and concentration for extended periods ("maintain concentration"); (ii) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances ("keep schedule"); and (iii) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods ("keep pace").  (T. at 80-81.)

In the "Additional Explanation" section, Dr. Serbonich cited a consultative examination from November 10, 2017, wherein Dr. Amanda Slowik observed Plaintiff's attention and concentration were mildly impaired, her memory skills were mildly to moderately impaired, and her cognitive functioning was below average range.  *Id.* at 82 (citing *id.* at 812).  Dr. Serbonich further noted Plaintiff's speech was fluent, her thought processes were coherent and goal

---

[3] The Disability Determination Explanation completed by Dr. Serbonich indicates that Dr. Serbonich reviewed the following medical evidence: treatment records from Lourdes Primary Care, Endwell Family Physicians, Arnot Ogden Medical Center, Cayuga Medical Center, Wilson Memorial Hospital, Arthur W. Frenz, Dhruv Agneshwar, Endwell Family Physicians, Guthrie Clinic, UHS Primary Care, Taseer Minhas, Lourdes Hospital, and Cayuga Medical Associates, as well as medical opinions from Industrial Medicine Associates dated Nov. 3, 2017, and Nov. 10, 2017.  (T. at 69-73.)

oriented, and she was capable of several daily activities. *Id.* (citing *id.* at 811-12). Dr. Serbonich concluded Plaintiff was "capable of performing simple work on a sustained basis." *Id.*

The ALJ found Dr. Serbonich's opinion persuasive because it was supported by and consistent with evidence from other medical sources. *Id.* at 16. Plaintiff argues Dr. Serbonich's opinion "should be given no (or very little) weight" because it lacks a supporting explanation. (Dkt. No. 11 at 25.) Plaintiff specifically challenges Dr. Serbonich's conclusion that Plaintiff "is capable of performing simple work on a sustained basis." *Id.* at 24 (citing T. at 82). The Court disagrees with Plaintiff's position. Dr. Serbonich's opinion is supported by objective medical evidence and consistent with medical evidence in the record. (*See* T. at 76, 80-82; *see generally* 20 C.F.R. §§ 404.1520c(c)(1)-(2).) The ALJ did not err in assigning persuasive value to Dr. Serbonich's opinion. (*See* T. at 16.)

First, objective medical evidence supports Dr. Serbonich's opinion that Plaintiff had moderate limitations in her ability to maintain concentration, keep schedule, and keep pace. 20 C.F.R. § 404.1520c(c)(1); *see also* 404.1513(a)(1) (defining "Objective medical evidence"). The regulations identify four categories of mental functioning that the Commissioner must rate. 20 C.F.R. § 404.1520a(c)(3); *see also id.* at § 404.1520a ("when we evaluate the severity of mental impairments for adults . . . we must follow a special technique at each level in the administrative review process. We describe this special technique in paragraphs (b) through (e) of this section."). Relevant here, one of those categories concerns an individual's ability to "concentrate, persist, or maintain pace." *Id.* at § 404.1520a(c)(3). When the Commissioner rates an individual's degree of limitation in this area of mental functioning (and the other areas), it will use a five-point scale: none, mild, moderate, marked, and extreme. *Id.* at § 404.1520a(c)(4). An individual with moderate mental functioning limitations has a "fair" ability to function

"independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00(F)(2)(c); *see also id.* at (F)(2)(b), (d) (defining mild mental functioning limitations as "slightly" limiting and marked mental functioning limitations as "seriously" limiting).

Objective medical evidence supports Dr. Serbonich's conclusion that Plaintiff has a fair ability to maintain concentration, keep schedule, and keep pace. (*See* T. at 80-82.) For example, Dr. Slowik's psychiatric evaluation of Plaintiff included various psychological tests, a type of objective medical evidence. (T. at 812; *see also* 20 C.F.R. § 404.1502(f) ("Objective medical evidence means signs, laboratory findings, or both."); *id.* at § 404.1502(c) ("Laboratory findings means one or more . . . psychological phenomena that can be shown by the use of medically acceptable laboratory diagnostic techniques," including "psychological tests."); *id.* at § 404.1502(g) ("Psychiatric signs are medically demonstrable phenomena that indicate specific psychological abnormalities . . . and must also be shown by observable facts that can be medically described and evaluated."). Dr. Slowik observed Plaintiff count backwards from 10, do simple calculations, complete the serial 3s, and struggle to do the serial 7s. (T. at 812.) This objective medical evidence supports Dr. Serbonich's conclusion that Plaintiff had a fair ability to concentrate, persist, and maintain pace. (T. at 80-81.) Dr. Serbonich's conclusion is further supported by years of treatment records documenting Plaintiff's normal neurologic and mental examinations. (*See* T. at 757, 761, 764, 767, 773, 840, 846, 852, 856, 861, 865.)

Dr. Serbonich's conclusion is also consistent with evidence from other medical sources. 20 C.F.R. § 404.1520c(c)(2). Dr. Slowik opined Plaintiff was moderately limited in her ability to sustain concentration, and moderately to markedly limited in her ability to sustain an ordinary

9

routine. (T. at 813.[4]) This is consistent with Dr. Serbonich's assessment of Plaintiff's concentration and persistence limitations. *See id.* at 80-81, 813. Similarly, on November 29, 2017, Dr. Bonno opined Plaintiff was moderately limited in her ability to maintain concentration, keep schedule, and keep pace. *Id.* at 828-30.[5] This opinion is identical to Dr. Serbonich's opinion about Plaintiff's concentration and persistence limitations. *Compare id.* with *id.* at 80-81.

In sum, Dr. Serbonich's opinion is supported by objective medical evidence, and it is consistent with evidence from other medical sources. *See* 20 C.F.R. §§ 404.1520c(c)(1)-(2). The ALJ did not err in concluding Dr. Serbonich's opinion was persuasive. (T. at 16.) Substantial evidence supports that conclusion. *Tejada*, 167 F.3d at 773.[6]

### 2. Dr. Bonno's Opinion

Plaintiff's neurologist, Dr. Bonno, offered two medical opinions about Plaintiff's mental RFC, and one about her physical RFC. (T. at 817-24 (dated Nov. 29, 2017), 828-30 (same), 896-97 (dated Apr. 26, 2019).) Plaintiff only challenges the ALJ's evaluation of Dr. Bonno's third

---

[4] The ALJ found Dr. Slowik's opinion persuasive. (T. at 16.) Plaintiff does not challenge this evaluation. (*See* Dkt. No. 11.)

[5] The ALJ concluded Dr. Bonno's opinion from November 29, 2017, about Plaintiff's mental residual functional capacity was persuasive. (T. at 16.) Plaintiff does not challenge this evaluation. (*See* Dkt. No. 11.)

[6] The Court has considered Plaintiff's challenge to the constitutionality of 20 C.F.R. § 404.1520c on the grounds that it violates her due process rights because the ALJ is not required to explain his consideration of every factor under the new regulation. (*See* Dkt. No. 11 at 20-23.) Plaintiff does not clarify whether her challenge is a facial challenge, an as-applied challenge, or both. *See id.* In either case, Plaintiff has failed to demonstrate that 20 C.F.R. § 404.1520c is unconstitutional, so her challenge is denied. *See, e.g., Cook v. Kijakazi*, No. 20-CV-3250, 2022 WL 605618, at *10 (C.D. Ill. Mar. 1, 2022) (rejecting claimant's due process challenge to the application of 20 C.F.R. § 404.1520c in her case); *Crystal R. E. v. Kijakazi*, No. 20-CV-00319, 2022 WL 446023, at *5 (N.D. Okla. Feb. 14, 2022) (rejecting claimant's due process challenge to the new regulation because "Section 404.1520c does not abrogate what medical evidence the ALJ considers; rather, it sets out how that evidence is evaluated."); *Wainman v. Saul*, No. 20-CV-3140, 2021 WL 1759262, at *15 (C.D. Ill. May 4, 2021) (rejecting claimant's claim that "due process requires the ALJ to address all five factors in § 404.1520c(c)").

medical opinion, from April 26, 2019 (the "April opinion"). *See id.* at 896-97; *see also* Dkt. No. 11 at 11-15, 19-20. In the April opinion, Dr. Bonno assessed Plaintiff's mental RFC. (T. at 896-97.) Dr. Bonno opined Plaintiff's seizures, the resulting side effects, and the medications Plaintiff used would cause her fatigue, diminish her concentration, diminish her work pace, and cause her to need rest at work. *Id.* at 896. Dr. Bonno concluded this would cause Plaintiff to be off task "[g]reater than 20% but less than 33%" of a typical workday. *Id.* Dr. Bonno referenced "neuropsychiatric testing" as evidence that Plaintiff had "difficulty with organizing to-be remembered information and deficits on tasks of executive function." *Id.* Dr. Bonno further indicated Plaintiff's conditions would cause her to have good days and bad days. *Id.* at 897. According to Dr. Bonno, these fluctuations would cause Plaintiff to miss four days of work a month. *Id.* In short, Dr. Bonno opined Plaintiff had marked limitations in her ability to maintain concentration, keep schedule, and keep pace. *See id.*; *see also* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00(F)(2)(d) (defining a "Marked limitation" as seriously limiting an individual's ability to function independently, appropriately, effectively, and on a sustained basis).

The ALJ found Dr. Bonno's April opinion unpersuasive. *Id.* at 16. The ALJ concluded Dr. Bonno failed to support her opinion about Plaintiff's schedule limitations with objective medical evidence. *Id.* The ALJ further concluded Dr. Bonno's opinion about Plaintiff's concentration limitation was inconsistent with evidence from other medical sources. *Id.* Plaintiff challenges this evaluation, arguing Dr. Bonno's April opinion was supported by objective medical evidence and consistent with evidence in the record. (Dkt. No. 11 at 11, 13-16.) Plaintiff further argues the ALJ failed to adequately explain his reasoning. *Id.* at 19. The Court disagrees. The ALJ did not err in finding Dr. Bonno's April opinion unpersuasive. (T. at 16.) The concentration, schedule, and pace limitations set forth in Dr. Bonno's April opinion are

unsupported by explanations, unsupported by objective medical evidence, and inconsistent with evidence in the record. *See* 20 C.F.R. §§ 404.1520c(c)(1)-(2).

First, Dr. Bonno offered no supporting explanation for the concentration and schedule limitations in her April opinion. (*See* T. at 896-97.) The more relevant the supporting explanations presented by a medical source are to support her opinion, the more persuasive the medical opinion will be. 20 C.F.R. § 404.1520c(c)(1). Here, Dr. Bonno simply opined, without explanation, that Plaintiff's impairments would cause her to be off task "[g]reater than 20% but less than 33%" of a typical workday, and that her impairments would cause her to miss four days of work every month. (T. at 896-97.) The ALJ concluded these limitations were speculative because, among other reasons, they lacked a supporting explanation. *See id.* at 16. Substantial evidence supports that conclusion. *See Tejada*, 167 F.3d at 773; *see, e.g.*, *Robert O. v. Comm'r of Soc. Sec.*, No. 3:20-CV-1612 (TWD), 2022 WL 593554, at *13-14 (N.D.N.Y. Feb. 28, 2022).

Second, Dr. Bonno cited no objective medical evidence in support of her conclusions about Plaintiff's concentration and schedule limitations. (T. at 896-97.) The more relevant the objective medical evidence presented by a medical source is to support her opinion, the more persuasive the medical opinion will be. 20 C.F.R. § 404.1520c(c)(1). Here, Dr. Bonno simply opined, without citation to objective medical evidence,[7] that Plaintiff's impairments would cause her to miss four days of work every month and to be off task for over an hour and a half every workday. (T. at 896-97.) The ALJ assigned no persuasive value to this opinion because, among other reasons, it was "not based on any objective findings." *Id.* at 16. As explained above,

---

[7] Dr. Bonno's April opinion references "[p]rior neuropsychiatric testing" for the proposition that Plaintiff had difficulty remembering information and executing tasks. (*See* T. at 896.) This test appears to relate to two of Plaintiff's mental functioning categories: her ability to understand, remember, or apply information; and her ability to adapt and manage herself. *See* 20 C.F.R. § 404.1520a(c)(3). Yet, Dr. Bonno offers no explanation as to what category of mental functioning this test implicates. (*See* T. at 896.) It is unclear to the Court how this test relates to Plaintiff's ability to "concentrate, persist, or maintain pace." *See* 20 C.F.R. § 404.1520a(c)(3).

objective medical evidence supports the conclusion that Plaintiff had a fair ability to function independently, appropriately, effectively, and on a sustained basis (i.e., Plaintiff had moderate limitations—and was not seriously limited—in her ability to concentrate, persist, and maintain pace). *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00(F)(2)(c)-(d) (defining "Moderate" and "Marked" limitations); *see also* T. at 757, 761, 764, 767, 773, 812-13, 840, 846, 852, 856, 861, 865. Substantial evidence accordingly supports the ALJ's conclusion that objective medical evidence did not substantiate the serious concentration and schedule limitations in Dr. Bonno's April opinion. *See Tejada*, 167 F.3d at 773; *see, e.g., Courtney L. W. v. Comm'r of Soc. Sec.*, No. 8:20-CV-1233 (TWD), 2022 WL 685290, at *4 (N.D.N.Y. Mar. 8, 2022).

Third, the serious concentration and schedule limitations in Dr. Bonno's April opinion are inconsistent with evidence from other medical sources, including her own medical opinion from November 29, 2017. 20 C.F.R. § 404.1520c(c)(2). The more consistent a medical opinion is with the evidence from other medical sources, the more persuasive it will be. *Id.* Here, Dr. Bonno, Dr. Slowik, and Dr. Serbonich all concluded Plaintiff had moderate limitations in her ability to concentrate, keep schedule, and keep pace. (T. at 80-81 (Dr. Serbonich), 812-13 (Dr. Slowik), 828-30 (Dr. Bonno).) However, in her April opinion, Dr. Bonno concluded Plaintiff would miss 4 days every month and would be off task more than 15 percent of the typical workday. *Compare id. with id.* at 896-97. These are marked—not moderate—schedule and concentration limitations because they seriously limit Plaintiff's ability to function in a work setting. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00(F)(2)(c)-(d) (defining "Moderate" and "Marked" limitations); *see also* T. at 60 (testimony from the vocational expert indicating that employers would not tolerate an individual who missed 4 days of work every month and was off task more than 15 percent of the workday). Drs. Bonno, Slowik, and Serbonich concluded

Plaintiff had a fair ability to concentrate and keep schedule, not a seriously limited ability to do so. *See id.* at 80-81, 812-13, 828-30. Moreover, years of treatment records indicate that Plaintiff had normal neurologic and mental exams. (T. at 757, 761, 764, 767, 773, 840, 846, 852, 856, 861, 865.) Substantial evidence accordingly supports the ALJ's conclusion that the concentration and schedule limitations in Dr. Bonno's April opinion are inconsistent with evidence from other medical sources. *See Tejada*, 167 F.3d at 773; *see, e.g.*, *Courtney L. W. v. Comm'r of Soc. Sec.*, No. 8:20-CV-1233 (TWD), 2022 WL 685290, at *5 (N.D.N.Y. Mar. 8, 2022).

In sum, the ALJ properly concluded Dr. Bonno's April opinion was entitled to no persuasive value. (T. at 16.) Substantial evidence supports the ALJ's conclusion that Dr. Bonno's April opinion lacked a supporting explanation, was unsupported by objective medical evidence, and was inconsistent with evidence from other medical sources. *See id.*; *see also* 20 C.F.R. §§ 404.1520c(c)(1)-(2).

### A.     The ALJ Properly Considered Plaintiff's Daily Activities

Plaintiff claims it was improper for the ALJ to consider evidence of her daily activities because it did not relate to her "ability to maintain acceptable levels of work pace and/or attendance." (Dkt. No. 11 at 25-26.) She does not explain how the ALJ erred when evaluating evidence of her daily activities, nor does she explain how the ALJ's evaluation of that evidence improperly impacted his RFC determination, which she describes as "the main issue here." *See id.*

Under the regulations, the ALJ was required to consider evidence of Plaintiff's daily activities when evaluating the medical opinion evidence. *See* 20 C.F.R. § 404.1520c(c)(2); *Vellone*, 2021 WL 319354, at *6. He was also required to consider Plaintiff's daily activities

when evaluating the intensity, persistence, and limiting effects of her symptoms. *See* 20 C.F.R. § 404.1529(c)(3)(i); SSR 16-3P, 2017 WL 5180304 at *7-8. These considerations, as well as evidence of Plaintiff's daily activities, inform the ALJ's RFC determination. *See* 20 C.F.R. §§ 404.1545(a)(3), (e).

The ALJ concluded Plaintiff's "broad range of daily activities" was consistent with his RFC determination. (T. at 18.) Plaintiff claims this consideration—and the resulting RFC determination—was improper. (Dkt. No. 11 at 25-26.) Despite Plaintiff's contrary arguments, the ALJ was required to consider Plaintiff's daily activities when assessing her RFC. *See* 20 C.F.R. §§ 404.1545(a)(3), (e). The ALJ did so, and substantial evidence supports his RFC determination. (T. at 18.) Stated differently, the ALJ properly considered evidence of Plaintiff's daily activities, and substantial evidence supports his conclusion that she had the residual functional capacity to maintain concentration, keep schedule, and keep pace. *See Tejada*, 167 F.3d at 773; *see also Robert O.*, 2022 WL 593554, at *8 ("The substantial evidence standard resolves this issue, not the lack of an overwhelmingly compelling analysis as cited by Plaintiff.").

For example, Dr. Serbonich, Dr. Bonno, and Dr. Slowik opined Plaintiff had a fair ability to maintain attendance, keep schedule, and keep pace. (T. at 80-81, 813, 828-30.) Dr. Slowik observed Plaintiff count backwards from 10, do simple calculations, and complete the serial 3s. *Id.* at 812. Following various tests, John Langfitt, Ph.D., concluded Plaintiff was "functioning in the average range of general intellectual abilities," and "performed in the average range on visually mediated tasks of attention, concentration and psychomotor speed." *Id.* at 834. Over the course of several years, medical sources documented Plaintiff's normal neurological and mental examinations. *Id.* at 757, 761, 764, 767, 773, 840, 846, 852, 856, 861, 865. Several

medical sources noted that her seizures were well controlled with medication. *Id.* at 75, 613, 761, 767, 770, 832, 838. At the time of her hearing with the ALJ, Plaintiff maintained part-time employment at a secondary school. *Id.* at 33. Plaintiff testified that she typically has one migraine a month, which makes it "a lot easier to function." *Id.* at 41. This evidence supports the ALJ's conclusion that Plaintiff has the residual functional capacity to maintain concentration, keep schedule, and keep pace. (T. at 14-19.)

The ALJ properly considered Plaintiff's daily activities when evaluating the persuasive value of medical opinions, when determining the intensity, persistence, and limiting effects of Plaintiff's symptoms, and when determining her residual functional capacity. *See id.* at 18.[8] The Court further concludes substantial evidence supports the ALJ's RFC determination. *See Tejada*, 167 F.3d at 773; *see also Robert O.*, 2022 WL 593554, at *8.

## I.   CONCLUSION

Considering the foregoing, the Court finds the ALJ applied the correct legal standards and substantial evidence supports his decision. Remand is therefore not warranted.

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **DENIED**; and it is further

---

[8] The Court notes the ALJ mentioned Plaintiff "had a baby during the period under review . . . [which] suggest[ed] that she believed herself capable of meeting the physical and mental demands of caring for a newborn child." (T. at 18; *see generally Van Dyne v. Saul,* No. 20-CV-260 (MKB), 2021 WL 1210460, at *16 (E.D.N.Y. Mar. 31, 2021) ("Plaintiff's efforts to pursue the things that are important to her and to engage in self-care do not establish that she is not disabled.") (collecting cases).) The ALJ's assumptions about Plaintiff's pregnancy-related choices and any associated beliefs she had about her capacity to child-rear do not appear to be grounded in Plaintiff's testimony or evidence. (*See* T. at 18 (citing *id.* at 333 (noting Plaintiff was "pregnant . . . and she will reach term next week.")).) Nonetheless, these assumptions do not appear to have affected the ALJ's decision, which followed established legal standards and was otherwise supported by substantial evidence.

**ORDERED** that the Commissioner's motion for judgment on the pleadings (Dkt. No. 18) is **GRANTED**; and it is further

**ORDERED** that the Commissioner's decision denying Plaintiff supplemental security income benefits is **AFFIRMED**; and it is further

**ORDERED** that the Plaintiff's complaint (Dkt. No. 1) is **DISMISSED** and the Clerk of Court is directed to enter judgment and close the case.

Dated:     March 25, 2022
           Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge